UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| **KENNETH McGINTY,** | § | |
| | § | |
| Plaintiff | § | |
| | § | **3-10CV-1410** |
| v. | § | Civil Action No. _____ |
| | § | |
| **DRS TECHNOLOGIES INC.** and | § | |
| **DRS TACTICAL SYSTEMS, INC.,** | § | |
| | § | |
| Defendants | § | **3-10CV-1410** |

## COMPLAINT

Plaintiff Kenneth McGinty files this original complaint against DRS Technologies Inc. and DRS Tactical Systems, Inc., as follows:

### Preliminary Statement

1. This is an employment case. Defendants terminated plaintiff's employment because of his age and replaced him with substantially younger employees. Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., as amended (*ADEA*), and the Texas Commission on Human Rights Act, TEX. LAB. CODE §§ 21.001 et seq., as amended (*TCHRA*). Plaintiff brings this civil action under both statutes seeking legal and equitable remedies for defendants' unlawful employment practices.

### Parties

2. Plaintiff Kenneth McGinty (*McGinty*) is an individual who currently resides in Ranger, Eastland County, Texas. At all relevant times McGinty was an employee of defendants as that term is defined in 29 U.S.C. § 630(a) and Texas Labor Code § 21.002(7).

3. Defendant DRS Technologies, Inc. (*DRS*) is a leading supplier of integrated products, services and support to military forces, intelligence agencies and prime contractors worldwide.

Complaint and Jury Demand – Page 1

DRS is incorporated under the laws of the state of Delaware and its corporate headquarters is located in Parsippany, New Jersey.

4. Defendant DRS Tactical Systems, Inc. (*RSTA*) is an industry leader in the design and manufacture of advanced infrared imaging components and systems. RSTA is a wholly owned subsidiary of DRS that is incorporated under the laws of the state of Florida. RSTA's corporate offices are located in Melbourne, Florida. A division of RSTA is now, and was at all relevant times, located in Dallas, Dallas County, Texas.

## Jurisdiction

5. This court has subject matter jurisdiction of this civil action in that McGinty's ADEA claim presents a federal question in accordance with 28 U.S.C. §§ 1331 and 1343(4). The Court has supplemental jurisdiction of the TCHRA claim because it arises out of the same set of operative facts as the ADEA claim in accordance with 28 U.S.C. § 1391(b)(2).

## Venue

6. Venue is proper in this judicial district and division because a substantial part of the events or omissions forming the basis of this complaint occurred in Dallas, Texas, and because defendants operated a major division in this city at all relevant times.

## Facts

7. McGinty was born in Luling, Texas in 1944, and he grew to adulthood in Gonzales, Texas. He is a combat veteran with a *Top Secret* security clearance who had a distinguished military career in the United States armed services. His knowledge, experience, bravery, integrity and strength of character has earned him the trust and respect of elite military personnel throughout the United States and the United Kingdom.

8. In July 2007, DRS and RSTA jointly recruited and employed McGinty on a part-time basis as RSTA's United Kingdom Business Development Director. Jimmy Baird, President of RSTA Optronics Division, administered the recruitment and employment process in the division's principal office in Dallas, Texas. Throughout his employment RSTA administered his compensation and benefits, and he often reported to RSTA's management in Melbourne, Florida. McGinty often met with Baird and participated in RSTA's business development strategy sessions in Dallas.

9. DRS and RSTA recruited McGinty because of his knowledge of military weapon and support systems and because of his unique connections to high-ranking officials in the United Kingdom's Ministry of Defense (*Defense Ministry*) and various international organizations. He had developed such relationships during his career as a military officer and during his former employment with another company that conducted business in the UK.

10. Soon after McGinty commenced employment with DRS and RSTA, other DRS organizations with global operations sought his expertise in UK military systems and programs. He promoted defendants' weapon systems and products by using his personal connections and business relationships with officials in the Defense Ministry.

11. On September 7, 2007, McGinty was assigned to a full-time position as UK Land Strategy Director with DRS Technologies UK Limited. He reported initially to Peter Hurst, Vice President – Business Development. McGinty was responsible for developing DRS's business portfolio, and increasing defendants' presence and revenues, in the United Kingdom. McGinty was a shared resource among a number of divisions and business units in DRS's world-wide operations.

12. McGinty earned a base salary of approximately $300,000 per annum in addition to annual performance-based bonuses. He received substantial incentive payments by reason of his exemplary performance. According to DRS's tax records, RTSA disbursed his employee compensation at all relevant times.

13. As a result of McGinty's diligence, exemplary performance and adroit use of business contacts, DRS expanded its UK markets substantially. In late 2008, DRS secured lucrative contracts to sell night vision equipment to the United Kingdom's defense forces as a direct result of McGinty's efforts. He also negotiated several contracts between RSTA and the British Calvary Polo and Skiing teams that provided for corporate sponsorships. These sponsorships gave DRS access to elite UK military personnel and members of the British Royalty, including Princes William and Charles, thereby ensuring that DRS obtained additional defense contracts with the British Army.

14. In late 2008, William Riker (*Riker*), Vice President – Business Development, conducted an extensive review of McGinty's job performance. Riker determined that McGinty's performance was outstanding in all respects and that his expertise was a valuable asset.

15. In March 2009, Jerry Sinn (*Sinn*), President of DRS's Tactical Systems Group, awarded McGinty approximately $18,000 as a bonus for his commitment and exemplary efforts during the previous year. Sinn wrote a memorandum to McGinty praising him for his exemplary performance.

16. At all relevant times defendants also employed Tim Phelps (*Phelps)* and Ben Sutton (*Sutton*) in the position of Business Developer. Both men are substantially younger than McGinty.

17. Defendants directed McGinty to mentor Phelps and Sutton and to introduce them to his business contacts in the United Kingdom and throughout the world. McGinty dutifully complied with these directions. He also trained both junior executives in the best practices for developing business with the military. It turned out later that McGinty had trained his own replacements.

18. Finmeccanica, an Italian corporation, acquired DRS and all affiliated companies effective October 22, 2008. Commencing in December 2008, McGinty reported to Larry Hollingsworth (*Hollingsworth*), Vice President – Business Development Programs and Strategies, RSTA. McGinty introduced Hollingsworth to all his business contacts in the armed forces of the United States and United Kingdom. By early 2009, Hollingsworth had exploited all of McGinty's business contacts and methods. At that time Hollingsworth embarked on a campaign to get rid of plaintiff.

19. On June 9, 2009, McGinty and Hollingsworth met at DRS's offices in Arlington, Virginia. Hollingsworth notified McGinty during the meeting that plaintiff had been discharged.

20. Hollingsworth's explanation for the discharge decision was that DRS and its affiliates had too many employees in the Business Developer classification and that McGinty's services were no longer needed. This purported reason was false. DRS retained Phelps and Sutton in the position of Business Developer even though their qualifications and experience were inferior to McGinty's qualifications and experience in every material respect. Moreover, on information and belief, defendants have hired other substantially younger personnel for the position of Business Developer since McGinty was discharged.

21. DRS and RSTA discharged McGinty because of his age. Defendants replaced him with substantially younger individuals who were outside the protected class on the basis of age.

22.     The discharge decision was consistent with defendants' employment practices. Both DRS and RSTA demonstrated a marked preference for younger candidates with respect to its hiring and retention practices.

23.     As a direct result of his discharge, McGinty has sustained substantial lost income and employment benefits and, in reasonable probability, he will sustain substantial financial losses in the future. He has suffered severe humiliation and emotional distress, and his professional reputation has been harmed irreparably.

## Exhaustion of Administrative Remedies

24.     On August 28, 2009, McGinty dually filed a charge of employment discrimination (Charge No. 450-2009-04859) against defendants with the U.S. Equal Employment Opportunity Commission (*EEOC*) and the Texas Workforce Commission Civil Rights Division (*TWC*) within 180 days of receiving notice of his discharge in accordance with federal and state law. A true and correct copy of the charge is incorporated in the appendix as Exhibit A.

25.     On April 20, 2010, the EEOC issued a notice of his right to file a civil action under the ADEA. On May 3, 2010, the TWC issued a notice of his right to file a civil action under the TCHRA. A copy of the notices are included in the appendix as Exhibits B and C, respectively. Accordingly, McGinty has fully exhausted his administrative remedies under both statutes and he has fulfilled all jurisdictional prerequisites to the filing of this civil action.

26.     McGinty has filed this complaint within 90 days after receiving the EEOC's notice of his right to file a civil action under the ADEA in accordance with 29 U.S.C. § 626(e) and within 60 days after receiving the TWC's notice of his right to file a civil action under the TCHRA in

accordance with TEX. LAB. CODE § 21.254. Accordingly, this action is brought in a timely manner.

## Count One – ADEA

27. McGinty re-alleges and incorporates by reference all allegations set forth in paragraphs 7 to 26, inclusive.

28. McGinty incorporates by reference the allegations contained in paragraphs 7 to 30, inclusive, as if those allegations were set forth herein verbatim.

29. Defendants committed an unlawful employment practice when they discharged McGinty because of his age. This decision violated 29 U.S.C. § 623(a)(1).

30. McGinty has sustained substantial lost wages and employment benefits and he will continue to sustain such losses for the foreseeable future by reason of defendants' commission of an unlawful employment practice. Accordingly, he is entitled to an award of back pay, front pay and other equitable relief, with prejudgment interest on all such relief, in accordance with 29 U.S.C. § 626(b). Reinstatement of McGinty to his former employment is not feasible.

31. Defendants' violation of the ADEA was willful. Thus, McGinty is entitled to an award of liquidated damages in accordance with 29 U.S.C. § 626(b).

32. McGinty is entitled to recover reasonable attorney fees and costs, including expert fees, pursuant to 29 U.S.C. § 626(b).

## Count Two – TCHRA

33. McGinty incorporates by reference the allegations contained in paragraphs 7 to 26, inclusive, as if those allegations were set forth herein verbatim.

34. Defendants committed an unlawful employment practice when it discharged McGinty because of his age. This decision violated Section 21.051(1) of the Texas Labor Code.

35. McGinty has sustained substantial lost wages and employment benefits and he will continue to sustain such losses for the foreseeable future by reason of defendants' commission of an unlawful employment practice. Accordingly, he is entitled to an award of back pay, front pay and other equitable relief, with prejudgment interest on all such relief, in accordance with Texas Labor Code § 21.258(b). Reinstatement of McGinty to his former employment is not feasible.

36. McGinty is further entitled to recover compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses, with prejudgment interest thereon, in accordance with Section 21.2585(d) of the Texas Labor Code.

37. Because defendants engaged in an unlawful employment practice with malice or with reckless indifference to McGinty's state-protected rights, he is entitled to an award of exemplary damages against defendants under Section 21.2585(b) of the Texas Labor Code.

38. McGinty is entitled to recover attorney fees and costs, including expert fees, pursuant to Section 21.259 of the Texas Labor Code.

## Prayer

WHEREFORE, Plaintiff respectfully prays that upon trial of this action, plaintiff have final judgment against defendants, jointly and severally, for the following relief:

1. Back pay, front pay, lost employment benefits and other equitable relief;
2. Compensatory damages as set forth in Count Two;
3. Exemplary or liquidated damages as set forth in Counts One and Two;
4. Prejudgment and post judgment interest at the rates established by law;
5. Attorney fees and court costs; and
6. Such other and further relief to which plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in accordance with federal and state law.

Dated June 24, 2010.

                                              Respectfully submitted,

*/s/ Rod Tanner*

**Rod Tanner**
State Bar No. 19637500
rtanner@rodtannerlaw.com
**Anna M. Alvarado**
State Bar No. 24061362
aalvarado@rodtannerlaw.com
**Tanner and Associates, PC**
6000 Western Place, Suite 100
Fort Worth, Texas 76107-4594
817.377.8833 (telephone)
817.377.1136 (telefax)

**☉JS 44 (TXND Rev. 2/10)**

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kenneth McGinty

## DEFENDANTS
DRS Technologies, Inc. and DRS Tactical Systems, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Eastland County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tanner and Associates
6000 Western Place, Suite 100
Fort Worth, Texas 76107

RECEIVED BY JUN 2 4 2010 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

Attorneys (If Known)

**3-10CV-1241 O**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 621 et seq., as amended (ADEA)
Brief description of cause:
Defendants terminated plaintiff's employment because of his age and replaced him with younger employees.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE June 24, 2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____